429 F.3d 934
 NORTHERN ARAPAHO TRIBE, Plaintiff-Appellee/Cross-Appellant,
v.
State of WYOMING and Governor Jim Geringer, his agents, employees and successors, in their official capacities, Defendants-Appellants/Cross-Appellees.
 No. 02-8026.
 No. 02-8031.
 United States Court of Appeals, Tenth Circuit.
 July 8, 2005.
 
 Andrew W. Baldwin, Baldwin & Crocker, Lander, WY, for Plaintiff-Appellee/Cross-Appellant.
 Patrick J. Crank, Attorney General, John D. Rossetti, Wyoming Attorney General's Office, Craig E. Kirkwood, Office of the Attorney General, John W. Renneisen, Deputy Attorney Gen., Attorney General for the State of Wyoming, Cheyenne, WY, for Defendants-Appellants/Cross-Appellees.
 Before TACHA, Chief Judge, SEYMOUR, EBEL, KELLY, HENRY, BRISCOE, LUCERO, MURPHY, HARTZ, O'BRIEN, McCONNELL, and TYMKOVICH, Circuit Judges.
 
 ORDER VACATING REHEARING EN BANC
 
 1
 Having received the parties' briefs and heard their oral arguments, we determine that our order granting en banc consideration of this case was improvidently issued for the reasons set out below. We, therefore, vacate our order granting rehearing en banc.
 
 
 2
 The Northern Arapaho Tribe brought an action seeking a declaration that the State of Wyoming failed to negotiate in good faith with the Tribe in violation of the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2701 et seq. Partially granting the Tribe's motion for judgment on the pleadings, the district court held that Wyoming failed to negotiate in good faith with regard to calcutta and parimutuel wagering and ordered the parties to complete a compact within sixty days. The court further held that casino-style gaming and slot machine wagering were against Wyoming public policy and thus not subject to negotiation. Both parties appealed. A panel of this court held that the State was required to negotiate a compact with the Tribe concerning calcutta and parimutuel wagering as well as the full gamut of casino-style Class III gambling because Wyoming permits and regulates "such gaming" for social and non-profit purposes pursuant to WYO. STAT. § 6-7-101(a)(iii)(E). Northern Arapaho Tribe v. Wyoming, 389 F.3d 1308, 1309 (10th Cir.2004).
 
 
 3
 In its en banc appeal, Wyoming maintains that the state prohibits casino-style gaming for social purposes because that would constitute professional gambling under WYO. STAT. §§ 6-7-102(b), § 6-7-108(a)(viii),and, as a result, it need not negotiate regarding such gaming with the Tribe under IGRA. This contention is inconsistent with the concessions and arguments Wyoming advanced in the district court, on initial appeal, and to the panel at oral argument. For example, in its briefs to the panel, Wyoming unequivocally asserted that under state law, "Casino-style gaming is allowed if conducted between persons with a bona fide social relationship." Aplt. Rep. Br. at 5. In addition, counsel for Wyoming was specifically asked during oral argument on initial appeal whether casino-style games were permitted by the state for social or charitable purposes. Counsel replied: "It can be done for charitable purposes if people come together with a bona fide, in a bona fide social relationship. Yes." Trans. of Oral Argument at 6.
 
 
 4
 In light the above and upon further consideration, we vacate our en banc order as improvidently granted. Because the panel opinion was premised on the admission of Wyoming that casino gambling is allowed if conducted in a bona fide social relationship, it is the determination of the en banc court that the panel opinion interpreting the Wyoming statute is law of the case but otherwise nonprecedential.
 
 
 5
 Judges BRISCOE, McCONNELL, and TYMKOVICH dissent and would certify the questions of state law to the Wyoming Supreme Court.